UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELTIQ AESTHETICS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SUN SERENITY SPA and JACQUIE PEREZ,<br><br>        Defendants. | No. 1:15-CV-1204-DAD-SMS<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 17, 19) |

Plaintiff Zeltiq Aesthetics, Inc. brings this suit against Sun Serenity Spa and Jacquie Perez for trademark infringement, false advertising, and unfair competition under 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and unfair competition under California law. (Doc. No. 1.) After neither defendant appeared in the action, plaintiff requested clerk's entry of default as to both. (Doc. Nos. 7 & 8.) The clerk entered default as to both defendants on September 22, 2015. (Doc. Nos. 7 & 8.) On October 28, 2015, plaintiff moved for entry of default judgment against both defendants. (Doc. No. 13.) As part of the judgment, plaintiff sought the entry of a permanent injunction against defendant and other equitable relief as well as an award of $14,930 in attorney's fees. (Doc. No. 13.)

The assigned magistrate judge filed findings and recommendations addressing plaintiff's motion for entry of default judgment on December 18, 2015, pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. (Doc. No. 17.) Therein, the assigned magistrate judge

1  recommended that plaintiff's motion for default judgment be granted but that because plaintiff
2  had failed to demonstrate actual irreparable harm, that its request for a permanent injunction, as
3  well as for other equitable relief, be denied.  (Doc. No. 17 at 8-9.)   Similarly, because plaintiff
4  was found to have failed to present evidence that it had suffered an actual harm, it was
5  recommended that plaintiff's request for an award of attorney's fees also be denied.  (Doc. No. 17
6  at 10.)  On January 18, 2016, plaintiff filed objections to those findings and recommendations.
7  (Doc. No. 19.)

8       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), having reviewed the entire
9  file de novo and considered plaintiff's objections, the court finds that the assigned magistrate
10 judge's findings and recommendations are supported by the record and proper analysis.
11 However, for the reasons set forth below, the court declines to adopt the recommendation that the
12 motion for default judgment be granted but that the requested relief be denied and instead will
13 exercise its discretion to deny the motion without prejudice to its renewal before the assigned
14 magistrate judge supported by a showing with respect to the issue of irreparable harm.

15      Plaintiff's objections to the findings and recommendations focus primarily on whether it
16 has successfully demonstrated irreparable injury sufficient to obtain the requested entry of a
17 permanent injunction against the defendants.  As the assigned magistrate judge noted in the
18 findings and recommendations, however, the evaluation of whether actual irreparable harm has
19 resulted is based on the evidence presented to the court, and "platitudes" or suggestions of the
20 possibility of harm are insufficient to establish irreparable harm.  *Herb Reed Enterprises, LLC v.*
21 *Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1248–51 (9th Cir. 2013).[1]
22 /////

---

[1] The decision in *Herb Reed Enterprises* was in the context of a contested motion for preliminary injunction.  Despite the fact that a defaulting defendant may arguably effectively deprive a plaintiff of discovery that would helpful in establishing irreparable harm, at least one district court has concluded that the requirements imposed by the decision in *Herb Reed Enterprises* apply in the default judgment context.  See MGM Resorts International v. Unknown Registrant of www.imgmcasino.com, No. 2:14-cv-1613-GMN-VCF, 2015 WL 5682783, at *1 (D. Nev. Sept. 23, 2015) ("However, a default judgment does not relieve Plaintiff of its burden to provide factual allegations for the Court to take as true.  Merely stating that Plaintiff has suffered irreparable harm is not a demonstration of irreparable harm as required by the Ninth Circuit.")

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, here, the allegations of plaintiff's complaint that defendants' activities "have deceived or have the capacity to deceive a substantial segment of customers," "diminish the value of Zeltiq's reputation and good will," and "have caused confusion, mistake and deception regarding similarity of the Lipo Freeze device to Zeltiq's CoolSculpting system," (Doc. No. 1, at 7–9), would appear to be the sort of "platitudes" the Ninth Circuit admonished courts to be wary of in *Herb Reed*.  Notably, the only evidence presented in plaintiff's motion potentially relevant to the question of irreparable injury is a declaration of Kerrie Jiang, plaintiff's Senior Director of Clinical and Medical Affairs.  (Doc. No. 13-3.)  As the findings and recommendations point out, that declaration merely speculates about the harm that may occur due to defendants' use of plaintiff's mark.

In short, plaintiff has presented no evidence to this court that any use of its mark by defendants has injured it or continues to injure it, that plaintiff's customers or potential customers are even aware of defendants' improper use of the mark, that customers think less of plaintiff because of their confusion with and/or injury by defendants' services, or that customers associate defendants' services with plaintiff.  *Compare San Miguel Pure Foods Co., Inc. v. Ramar Intern. Corp.*, ___ Fed. App'x ___, 2015 WL 5042914, at *3 (9th Cir. 2015) (allegations that company "would effectively lose control" over its brand did not demonstrate it *had* lost control over its brand); *Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, 585 Fed. App'x 390, 391 (9th Cir. 2014) (plaintiff did not establish customers were "aware of the website, would associate the products on the site with marijuana, or would stop purchasing Sunlight products if they mistakenly believed that Sunlight was marketing to marijuana growers"); *with OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*, 602 Fed. App'x 669, 672 (9th Cir. 2015) (purchase of allegedly infringing tire by major customer leading to copyright holder's admonishment of customer was sufficient evidence to show damage to company's goodwill); *Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 Fed. App'x 469, 473–74 (9th Cir. 2015)

(declaration of Life Alert employee reporting "numerous and persistent complaints from would-be customers," along with e-mails and social media posts from consumers, found to be sufficient to demonstrate irreparable injury to reputation and goodwill).[2]

Here, the magistrate judge recommended both the granting of plaintiff's motion for default judgment and the denying of all plaintiff's requested relief.  Of course, the entry of default judgment is left to the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Further, the factors establishing when a default judgment should issue in this circuit are well established, and include the following:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Factors two and three — the merits of the substantive claim and the sufficiency of the complaint — do not weigh in favor of granting plaintiff's motion for default judgment.  The relief requested is, however, part of the merits of a claim.  *See, e.g.*, *Edge Games, LLC v. Houghton Mifflin Harcourt Publishing Co.*, No. EDCV 13-02123 VAP, 2015 WL 3498607, at *6 (C.D. Cal. 2015) (granting partial summary judgment in favor of defendant on certain claims because plaintiff failed to demonstrate any damages).

In the objections to the findings and recommendations plaintiff requests that it be granted an opportunity to introduce additional evidence of injury to prove up its claim for injunctive relief. (Doc. No. 19, at 9–10.)  Here, plaintiff forewent any request for monetary damages in its motion for default judgment and merely failed to come forward with evidence sufficient to warrant the granting of the permanent injunctive relief it sought.  Under these circumstances, it is an appropriate exercise of discretion to deny the motion for entry of default judgment without prejudice in order to allow plaintiff the opportunity to submit a second, fully supported, motion for entry of default judgment seeking the entry of a permanent injunction against defendant and

---

[2] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36–3(b).

other equitable relief as well as an award of attorney's fees.[3]

For the reasons set forth above:

1. The court ADOPTS IN PART the reasoning in the findings and recommendations (Doc. No. 17);

2. Plaintiff's motion for default judgment (Doc. No. 13) is DENIED WITHOUT PREJUDICE for the reasons stated in both the findings and recommendations and above; and

3. Plaintiff's request for attorney's fees is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **February 11, 2016**                              /s/ Dale A. Drozd
                                                            UNITED STATES DISTRICT JUDGE

---

[3] "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "A party is a prevailing party for purposes of an attorneys' fee award if it 'achieved a material alteration in the legal relationship of the parties that is judicially sanctioned.'" Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1078 (9th Cir. 2015). In light of this order, plaintiff is not yet the prevailing party in this litigation. Plaintiff may renew its request for an award of attorney fees with evidence demonstrating why this case is exceptional and deserves such an award if it chooses to renew its motion for entry of default judgment.