UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELTIQ AESTHETICS, INC., | No. 1:15-cv-01204-DAD-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| SUN SERENITY SPA and JACQUIE PEREZ, | |
| Defendants. | |

On February 12, 2016, this court issued an order declining to adopt findings and recommendations recommending that plaintiff's motion for default judgment be granted but that the injunctive relief and attorney's fees requested by plaintiff be denied. (Doc. No. 20.) This order noted the denial of the motion for default judgment was specifically without prejudice to plaintiff submitting "a second, fully supported, motion for entry of default judgment." (Doc. No. 20 at 4.) More than ninety days elapsed with no word from plaintiff's counsel. Accordingly, on May 25, 2016, the court issued an order requiring plaintiff to show cause why the action should not be dismissed in its entirety due to plaintiff's failure to prosecute. (Doc. No. 21.) Plaintiff responded on June 7, 2016, stating that since the filing of the court's February 12, 2016 order, "Zeltiq has sought to identify specific instances of confusion and/or monetary loss, but has concluded that it would not be able to supply sufficiently detailed information to satisfy the

1

Court's requirements as set forth in its February 12 Order at this time in this matter." (Doc. No. 22 at 1.)

Somewhat surprisingly, plaintiff now suggests it "agrees to the recommendations originally submitted by the Magistrate Judge on December 18, 2015," and wishes to have the motion for default judgment granted, despite the fact no relief would be granted along with it. (Doc. No. 22 at 2.) The undersigned already declined to adopt the findings and recommendations in the February 12, 2016 order and, as that order explained, the reasons for doing so were not based upon plaintiff's perceived position. (*See* Doc. No. 20.)

Rather, the ability to grant *some* relief at the end of a case is paramount to a court's ability to hear cases, because redressability is part of the doctrine of standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and *likely to be redressed by the requested relief*.") (emphasis added). Standing is a constitutional requirement which implicates not only plaintiff's ability to bring a case, but also the court's ability to hear a case. *See id.* ("The 'core component' of the requirement that a litigant have standing to invoke the authority of a federal court 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The case-or-controversy requirement of Article III requires federal courts to "avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969). *See also Preiser v. Newkirk*, 422 U.S. 395, 401–02 (1975) ("[A federal court's] judgments must resolve 'a real and substantial controversy *admitting of specific relief* through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)) (emphasis added). An entry of judgment without any relief is, essentially, an advisory opinion that defendant here violated the law. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court."). The entry of judgment that plaintiff now wants in no way remedies any wrongs suffered, because it would create no enforceable right against defendant.

2

1   The court's order to show cause required plaintiff to present a reason why the court should
2 not dismiss this case for failure to prosecute.  Plaintiff's response indicates, in essence, that it will
3 not further prosecute this action by filing a properly supported motion for default judgment.
4 (Doc. No. 22.)  The order to show cause is therefore not discharged and, accordingly, this case is
5 dismissed due to plaintiff's failure to prosecute.  *See Hernandez v. City of El Monte*, 138 F.3d
6 393, 400 (9th Cir. 1998) ("The district court has the inherent power *sua sponte* to dismiss a case
7 for lack of prosecution.") (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

IT IS SO ORDERED.

Dated:   **June 8, 2016**                             _____
                                                     UNITED STATES DISTRICT JUDGE

3